UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONALD JAMES,

                              Plaintiff,

              -against-

VTR CUTTER MILL, LLC, OLSL GREAT
NECK, LLC and VENTAS AOC
OPERATING HOLDINGS, INC.,

                              Defendant.

CIVIL CASE NO: _____

**NOTICE OF REMOVAL TO
FEDERAL COURT**

Defendants VTR CUTTER MILL, LLC f/k/a OLSL GREAT NECK, LLC, OLSL GREAT NECK, LLC i/s/h/a an independent entity and VENTAS AOC OPERATING HOLDINGS, INC., (collectively referred to as "Defendants") hereby remove to this Court the state action described below. Removal is warranted under 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

## I.    BACKGROUND

1.    Plaintiff Donald James (hereinafter as "Plaintiff"), brought this personal injury action against Defendants by filing a Summons and Verified Complaint ("Complaint") in the Supreme Court of the State of New York, County of Nassau on or about February 12, 2020.  *See* Declaration of Kelly Jones Howell in Support of Notice of Removal under 28 U.S.C. § 1441(b) (Diversity) of Defendants VTR CUTTER MILL, LLC, OLSL GREAT NECK, LLC and VENTAS AOC OPERATING HOLDINGS, INC., (hereinafter "Howell Decl."), **Exhibit A**. This case was assigned Index Number 602150/2020. *See id*. at ¶ 1.

2.    Plaintiff alleges that Defendants failed to maintain safe conditions at Atria Cutter Mill resulting in a slip and fall injury on April 12, 2019.  Howell Decl., ¶ 3;  **Exhibit B, ¶¶** 4, 45.

Plaintiff alleges one untitled cause of action against Defendants for negligence.  *Id.* at ¶ 57.

3.   As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and because Defendants have satisfied the procedural requirements for removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 & 1441

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. DIVERSITY OF CITIZENSHIP

5.   Plaintiff was, at the time this action was commenced, a resident and citizen of the State of New York, County of Nassau.  *See* Howell Decl. ¶ 4; **Exhibit B**, ¶ 1.

6.   Defendant VTR CUTTER MILL, LLC is and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with none of its members residing in the State of New York.  *See* Howell Decl., ¶ 5.  For diversity purposes, therefore, VTR CUTTER MILL, LLC. is a citizen of Delaware and not of New York. 28 U.S.C. § 1332(c)(1).

7.   Further, VTR CUTTER MILL, LLC was formerly known as OLSL GREAT NECK, LLC and is indistinct from OLSL GREAT NECK, LLC.  *See* Howell Decl. ¶ 6.  Therefore, OLSL GREAT NECK, LLC is also a citizen of Delaware and not of New York.

8.   VENTAS AOC OPERATING HOLDINGS, INC., is and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Kentucky.  *See* Howell Decl., ¶ 7.  Therefore, VENTAS AOC

OPERATING HOLDINGS, INC. is a citizen of Delaware and Kentucky for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

### B.  AMOUNT IN CONTROVERSY

9.   It was not apparent from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, because the Complaint only pleads one untitled count of simple negligence against Defendants and does not specify the nature of the alleged injuries. *See* Howell Decl., ¶¶ 8; **Exhibit B** ¶¶ 54-56 .

10. Therefore, Defendants initially did not know whether Plaintiff sought damages in excess of $75,000, and in fact, Defendants could not reasonably ascertain whether Plaintiff sought damages in excess of $75,000 based on the information pled in the Complaint.  *See* Howell Decl., ¶ 9.

11.  Thereafter, on May 4, 2020, plaintiff sent a "demand package" to Defendants which provided *inter alia* Plaintiff demanded damages in excess of $75,000 exclusive of costs and interest.  *See* Howell Decl., ¶ 10; *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 157 (W.D.N.Y. 2005) ("where the pleadings themselves are inconclusive as to the amount in controversy ... federal courts may look outside those pleading to other evidence in the record.")

12.  Therefore, May 4, 2020 was the first day Defendants became aware Plaintiff sought damages in excess of $75,000 and was also the first time Defendants were able to ascertain that Plaintiff's alleged damages exceed $75,000 within a "reasonable probability" as required by 28 U.S.C. 1332(a). *See* Howell Decl., ¶ 11; *United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d. Cir. 1994); *accord Young v. United Parcel Service General Services Co.*, No. 11-CV-4105 (DLI)(RER), 2012 WL 847574 at *1 (E.D.N.Y. Mar. 12, 2012) (amount in controversy satisfied where

Plaintiff seeks damages in excess of $75,000).

13.  Accordingly, May 4, 2020 was the first day Defendants became aware this matter was eligible for removal pursuant to 28 U.S.C. § 1332.  *See* Howell Decl., ¶ 12; *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) ("the removal clocks of 28 U.S.C. § 1446(b) are not triggered until the plaintiff serves the defendant with an initial pleading or other document that explicitly specifies the amount of monetary damages sought or sets forth facts from which an amount in controversy [] can be ascertained."); *F.W. Myers & Co. v. World Projects Int'l, Inc.*, No. 96-CV-0763, 1996 WL 550135, at *3 (N.D.N.Y. Sept. 19, 1996) ("the 30–day time limitation had begun when defendant had 'first ascertained' that the amount in controversy limit was exceeded.").

## III.  PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14.  No earlier than May 4, 2020, Defendants first learned that Plaintiff seeks damages in excess of $75,000.  *See* Howell Decl., ¶ 11.

15.  Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Defendants filed this Notice of Removal with this Court within thirty (30) days of learning this matter was eligible for removal pursuant to 28 U.S.C. § 1332.  *See id.*; *Cutrone, at* 143 ("If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered.").

16.  Defendants demand a jury trial.

17.  A copy of this Notice of Removal is being filed in the Supreme Court of the State of New York, County of Nassau, and delivered to Plaintiff's counsel of record.  *See* Notice of Filing Notice of Removal to State Court, **Exhibit C**.

18.  By removing this action to this Court, Defendants do not waive any defenses,

objections, or motions available to it under state or federal laws. Defendants expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants VTR CUTTER MILL, LLC f/k/a OLSL GREAT NECK, LLC, OLSL GREAT NECK, LLC i/s/h/a an independent entity and VENTAS AOC OPERATING HOLDINGS, INC., pray that the above-styled action now pending against it in the Supreme Court of the State of New York, County of Nassau, be removed therefrom to this Honorable Court, the United States District Court for the Eastern District of New York.

Dated:   New York, New York
          June 1, 2020

HARRIS BEACH PLLC

/s/ Kelly Jones Howell
Kelly Jones Howell (KJH - 7804)
Andre J. Major (AJM – 8888)
*Attorneys for Defendants*
**VTR CUTTER MILL, LLC, OLSL
GREAT NECK, LLC and VENTAS AOC
OPERATING HOLDINGS, INC.,**
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 687-0100

# Exhibit "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONALD JAMES,

                Plaintiff,

      -against-

VTR CUTTER MILL, LLC, OLSL GREAT
NECK, LLC and VENTAS AOC OPERATING
HOLDINGS, INC,

                Defendant.

CIVIL CASE NO: _____

**DECLARATION OF KELLY JONES HOWELL IN SUPPORT OF NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(b) (DIVERSITY) OF DEFENDANTS VTR CUTTER MILL, LLC, OLSL GREAT NECK, LLC and VENTAS AOC OPERATING HOLDINGS, INC**

I, Kelly Jones Howell, declare:

    1.    I am an attorney admitted to practice before the courts of the State of New York and am a member of Harris Beach PLLC, attorneys for VTR CUTTER MILL, LLC f/k/a OLSL GREAT NECK, LLC, OLSL GREAT NECK, LLC i/s/h/a an independent entity and VENTAS AOC OPERATING HOLDINGS, INC., (collectively referred to as "Defendants") in this action. I make this Declaration based on my personal knowledge, in support of Defendants removal of *Donald James v. VTR Cutter Mill, LLC, OLSL Great Neck, LLC and Ventas AOC Operating Holdings, Inc.*, New York Supreme Court, Nassau County, Index No. 602150/2020, to this Court. The case was filed on or about February 12, 2020. I would and could competently testify to the matters stated in this Declaration if called as a witness.

    2.    A true and accurate copy of the Summons and Complaint in this action is attached as **Exhibit B**.

    3.    Plaintiff alleges that Defendants failed to maintain safe conditions at Atria Cutter Mill resulting in a slip and fall injury on April 12, 2019. *See id.* at ¶¶ 4, 45.  Plaintiff alleges one untitled cause of action against Defendants for negligence. *Id.* at ¶ 57.

4.      Plaintiff Donald James, was at the time this action was commenced, a resident and citizen of the State of New York. *Id.* at ¶ 1.

5.   VTR CUTTER MILL, LLC is and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with none of its members residing in the State of New York.

6.      VTR CUTTER MILL, LLC was formerly known as OLSL GREAT NECK, LLC and is indistinct from OLSL GREAT NECK, LLC.

7.      VENTAS AOC OPERATING HOLDINGS, INC., is and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Kentucky.

8.      It was not apparent from the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of interest and costs, because the Complaint only pleads one untitled count of simple negligence against Defendants and does not specify the nature of the alleged injuries. *See* **Exhibit B**, ¶¶ 54-56 .

9.      Therefore, Defendants initially did not know whether Plaintiff sought damages in excess of $75,000, and in fact, Defendants could not reasonably ascertain whether Plaintiff sought damages in excess of $75,000 based on the information pled in the Complaint.

10.      Thereafter, on May 4, 2020, plaintiff sent a "demand package" to Defendants which provided *inter alia* Plaintiff demanded damages in excess of $75,000 exclusive of costs and interest.

11.      May 4, 2020 was the first day Defendants became aware Plaintiff sought damages in excess of $75,000 and was also the first time Defendants were able to ascertain that Plaintiff's alleged damages exceed $75,000 within a "reasonable probability" as required by 28 U.S.C.

2

1332(a).

12.     May 4, 2020 was the first day Defendants became aware this matter was eligible for removal pursuant to 28 U.S.C. § 1332.

13.     Concurrent with this filing, written notice of the filing of this Notice is being delivered to Plaintiff's counsel of record, and is being filed with the Supreme Court of the State of New York, Nassau County.  A true and accurate copy of the written notice is attached as **Exhibit C.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of June, 2020 in New York, New York.

HARRIS BEACH PLLC

/s/ Kelly Jones Howell
Kelly Jones Howell (KJH - 7804)
*Attorneys for Defendant*
**VTR CUTTER MILL, LLC, OLSL GREAT NECK, LLC and VENTAS AOC OPERATING HOLDINGS, INC** 100 Wall Street, 23rd Floor
New York, New York 10005
(212) 687-0100

3

# Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------X

DONALD JAMES,                                    :       Index No.: 602150/2020
                                                 :       Date Purchased: 2/12/2020
                    Plaintiff,                   :
                                                 :       Plaintiff designates
                                                 :       Nassau County as the
        -against-                                :       Place of Trial
                                                 :
                                                 :       **SUMMONS**
VTR CUTTER MILL, LLC, OLSL GREAT                 :
NECK LLC and VENTAS AOC OPERATING                :       The basis of venue is
HOLDINGS, INC.,                                  :       Plaintiff's address
                                                 :
                                                 :       Plaintiff resides at:
                                                 :       43 Monroe Street
                    Defendants.                  :       Inwood, New York 11096

-----------------------------------------------------------X

        You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 7, 2020

Defendants' Addresses for service:                Plaintiff's Attorney
                                                  THE SELVIN LAW FIRM, P.L.L.C.

VTR CUTTER MILL, LLC
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

OLSL GREAT NECK LLC
c/o CT Corporation System
28 Liberty Street
New York, New York 10005                          By: Sabrina E. Taub, Esq.
                                                  3956 Merrick Road
                                                  Seaford, N.Y. 11783
VENTAS AOC OPERATING                              (516) 992-0805
HOLDINGS, INC.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------X

DONALD JAMES,

                           Plaintiff,

                     -against-

VTR CUTTER MILL, LLC, OLSL GREAT
NECK LLC and VENTAS AOC OPERATING
HOLDINGS, INC.,

                           Defendants.

------------------------------------------------------------------X

Index No.: 602150 2020
Date Purchased: 2 12 2020

VERIFIED COMPLAINT

Plaintiff, DONALD JAMES, by and through his attorneys, THE SELVIN LAW FIRM, PLLC, complaining of the defendants, VTR CUTTER MILL, LLC, OLSL GREAT NECK LLC and VENTAS AOC OPERATING HOLDINGS, INC., hereby alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.    That at all times hereinafter mentioned, plaintiff DONALD JAMES was and still is a resident of the County of Nassau, State of New York.

2.    Upon information and belief, and at all times relevant to the within action, defendant VTR CUTTER MILL, LLC (hereinafter "VTR CUTTER MILL") has a principal place of business located at 1209 Orange Street, Wilmington, DE 19801.

3.    Upon information and belief, and at all times relevant to the within action, defendant VTR CUTTER MILL was and still is a duly organized foreign limited liability company authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, defendant VTR CUTTER MILL owned the premises located at 96 Cuttermill Road, Great Neck, New York 11021 known as "Atria Cutter Mill" (hereinafter "premises").

5. Upon information and belief, and at all times relevant to the within action, defendant OLSL GREAT NECK LLC (hereinafter "OLSL GREAT NECK") has a principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801.

6. Upon information and belief, and at all times relevant to the within action, defendant OLSL GREAT NECK was and still is a duly organized foreign limited liability company authorized to do business in the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, defendant OLSL GREAT NECK owned the premises located at 96 Cuttermill Road, Great Neck, New York 11021 known as "Atria Cutter Mill" (hereinafter "premises").

8. Upon information and belief, and at all times relevant to the within action, defendant VENTAS AOC OPERATING HOLDINGS, INC. (hereinafter "VENTAS AOC OPERATING HOLDINGS") has a principal place of business located at 500 North Hurstbourne Parkway, Suite 200, Louisville, Kentucky 40222.

9. Upon information and belief, and at all times relevant to the within action, defendant VENTAS AOC OPERATING HOLDINGS was and still is a duly organized foreign business corporation authorized to do business in the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, defendant VENTAS AOC OPERATING HOLDINGS owned the premises located at 96 Cuttermill Road, Great Neck, New York 11021 known as "Atria Cutter Mill" (hereinafter "premises").

11. That at all times hereinafter mentioned, defendant, VTR CUTTER MILL maintained the premises.

12. That at all times hereinafter mentioned, upon information and belief, defendant, VTR CUTTER MILL operated the premises.

13. That at all times hereinafter mentioned, upon information and belief, defendant, VTR CUTTER MILL controlled the premises.

14. That at all times hereinafter mentioned, upon information and belief, defendant, VTR CUTTER MILL serviced the premises.

15. That at all times hereinafter mentioned, upon information and belief, defendant, VTR CUTTER MILL supervised the premises.

16. That at all times hereinafter mentioned, upon information and belief, defendant, VTR CUTTER MILL inspected the premises.

17. That at all times hereinafter mentioned, upon information and belief, defendant, VTR CUTTER MILL repaired the premises.

18. That at all times hereinafter mentioned, defendant, VTR CUTTER MILL, by their agents, servants and/or employees had a duty to inspect, maintain, repair and keep the premises in a reasonably safe condition for those persons frequenting thereto.

19. That at all times hereinafter mentioned, defendant, VTR CUTTER MILL, by its agents, servants and/or employees negligently, carelessly and recklessly failed to maintain the premises in a good and safe condition.

20. That at all times hereinafter mentioned, defendant, VTR CUTTER MILL, by its agents, servants and/or employees negligently, carelessly and recklessly caused and created a negligent and hazardous slippery condition to exist on the premises.

21. That at all times hereinafter mentioned, defendant, VTR CUTTER MILL, by its agents, servants and/or employees were negligent, careless and reckless in failing to maintain the subject premises in a safe condition free from any and all hazards; in failing to correct the obviously dangerous conditions existing therein; in failing to repair roof leaks; in allowing a

Case 2:20-cv-02421  Document 1  Filed 06/01/20  Page 15 of 27 PageID #: 26

slippery condition to exist upon the premises; and in allowing dangerous, hazardous and negligent conditions to exist endangering the lives of all individuals including the plaintiff DONALD JAMES.

22.   That at all times hereinafter mentioned, defendant, OLSL GREAT NECK maintained the premises.

23.   That at all times hereinafter mentioned, upon information and belief, defendant, OLSL GREAT NECK operated the premises.

24.   That at all times hereinafter mentioned, upon information and belief, defendant, OLSL GREAT NECK controlled the premises.

25.   That at all times hereinafter mentioned, upon information and belief, defendant, OLSL GREAT NECK serviced the premises.

26.   That at all times hereinafter mentioned, upon information and belief, defendant, OLSL GREAT NECK supervised the premises.

27.   That at all times hereinafter mentioned, upon information and belief, defendant, OLSL GREAT NECK inspected the premises.

28.   That at all times hereinafter mentioned, upon information and belief, defendant, OLSL GREAT NECK repaired the premises.

29.   That at all times hereinafter mentioned, defendant, OLSL GREAT NECK, by their agents, servants and/or employees had a duty to inspect, maintain, repair and keep the premises in a reasonably safe condition for those persons frequenting thereto.

30.   That at all times hereinafter mentioned, defendant, OLSL GREAT NECK, by its agents, servants and/or employees negligently, carelessly and recklessly failed to maintain the premises in a good and safe condition.

31.  That at all times hereinafter mentioned, defendant, OLSL GREAT NECK, by its agents, servants and/or employees negligently, carelessly and recklessly caused and created a negligent and hazardous slippery condition to exist on the premises.

32.  That at all times hereinafter mentioned, defendant, OLSL GREAT NECK, by its agents, servants and/or employees were negligent, careless and reckless in failing to maintain the subject premises in a safe condition free from any and all hazards; in failing to correct the obviously dangerous conditions existing therein; in failing to repair roof leaks; in allowing a slippery condition to exist upon the premises; and in allowing dangerous, hazardous and negligent conditions to exist endangering the lives of all individuals including the plaintiff DONALD JAMES.

33.  That at all times hereinafter mentioned, defendant, VENTAS AOC OPERATING HOLDINGS maintained the premises.

34.  That at all times hereinafter mentioned, upon information and belief, defendant, VENTAS AOC OPERATING HOLDINGS operated the premises.

35.  That at all times hereinafter mentioned, upon information and belief, defendant, VENTAS AOC OPERATING HOLDINGS controlled the premises.

36.  That at all times hereinafter mentioned, upon information and belief, defendant, VENTAS AOC OPERATING HOLDINGS serviced the premises.

37.  That at all times hereinafter mentioned, upon information and belief, defendant, VENTAS AOC OPERATING HOLDINGS supervised the premises.

38.  That at all times hereinafter mentioned, upon information and belief, defendant, VENTAS AOC OPERATING HOLDINGS inspected the premises.

39.  That at all times hereinafter mentioned, upon information and belief, defendant, VENTAS AOC OPERATING HOLDINGS repaired the premises.

Case 2:20-cv-02421 Document 1 Filed 06/01/20 Page 17 of 27 PageID #: 28

40.   That at all times hereinafter mentioned, defendant, VENTAS AOC OPERATING HOLDINGS, by their agents, servants and/or employees had a duty to inspect, maintain, repair and keep the premises in a reasonably safe condition for those persons frequenting thereto.

41.   That at all times hereinafter mentioned, defendant, VENTAS AOC OPERATING HOLDINGS, by its agents, servants and/or employees negligently, carelessly and recklessly failed to maintain the premises in a good and safe condition.

42.   That at all times hereinafter mentioned, defendant, VENTAS AOC OPERATING HOLDINGS, by its agents, servants and/or employees negligently, carelessly and recklessly caused and created a negligent and hazardous slippery condition to exist on the premises.

43.   That at all times hereinafter mentioned, defendant, VENTAS AOC OPERATING HOLDINGS, by its agents, servants and/or employees were negligent, careless and reckless in failing to maintain the subject premises in a safe condition free from any and all hazards; in failing to correct the obviously dangerous conditions existing therein; in failing to repair roof leaks; in allowing a slippery condition to exist upon the premises; and in allowing dangerous, hazardous and negligent conditions to exist endangering the lives of all individuals including the plaintiff DONALD JAMES.

44.   That on or about April 12, 2019, plaintiff DONALD JAMES was lawfully on the premises.

45.   That on or about April 12, 2019, plaintiff DONALD JAMES was caused to slip and fall violently to the ground sustaining serious personal injuries as a result of a hazardous and slippery condition existing upon the premises.

46.   Upon information and belief, and at all times hereinafter mentioned, defendant VTR CUTTER MILL had actual notice of the aforesaid dangerous conditions existing on the subject premises for a substantial period of time prior to the occurrence complained of herein.

Case 2:20-cv-02421 Document 1 Filed 06/01/20 Page 18 of 27 PageID #: 29

47.   Upon information and belief, and at all times hereinafter mentioned, defendant OLSL GREAT NECK had actual notice of the aforesaid dangerous conditions existing on the subject premises for a substantial period of time prior to the occurrence complained of herein.

48.   Upon information and belief, and at all times hereinafter mentioned, defendant VENTAS AOC OPERATING HOLDINGS had actual notice of the aforesaid dangerous conditions existing on the subject premises for a substantial period of time prior to the occurrence complained of herein.

49.   Upon information and belief, and at all times hereinafter mentioned, defendant VTR CUTTER MILL had constructive notice of the aforesaid dangerous conditions existing on the premises for a substantial period of time prior to the occurrence complained of herein.

50.   Upon information and belief, and at all times hereinafter mentioned, defendant OLSL GREAT NECK had constructive notice of the aforesaid dangerous conditions existing on the premises for a substantial period of time prior to the occurrence complained of herein.

51.   Upon information and belief, and at all times hereinafter mentioned, defendant VENTAS AOC OPERATING HOLDINGS had constructive notice of the aforesaid dangerous conditions existing on the premises for a substantial period of time prior to the occurrence complained of herein.

52.   Upon information and belief, and at all times hereinafter mentioned, defendant VTR CUTTER MILL caused and created the aforesaid dangerous conditions existing on the subject premises.

53.   Upon information and belief, and at all times hereinafter mentioned, defendant OLSL GREAT NECK caused and created the aforesaid dangerous conditions existing on the subject premises.

Case 2:20-cv-02421   Document 1   Filed 06/01/20   Page 19 of 27 PageID #: 30

54. Upon information and belief, and at all times hereinafter mentioned, defendant VENTAS AOC OPERATING HOLDINGS caused and created the aforesaid dangerous conditions existing on the subject premises.

55. That by reason of defendant, VTR CUTTER MILL's negligence, carelessness and recklessness, plaintiff DONALD JAMES has suffered serious and permanent bodily injuries. The injuries are the cause of great physical pain and mental anguish past and future.

56. That by reason of defendant, OLSL GREAT NECK's negligence, carelessness and recklessness, plaintiff DONALD JAMES has suffered serious and permanent bodily injuries. The injuries are the cause of great physical pain and mental anguish past and future.

57. That by reason of defendant, VENTAS AOC OPERATING HOLDINGS' negligence, carelessness and recklessness, plaintiff DONALD JAMES has suffered serious and permanent bodily injuries. The injuries are the cause of great physical pain and mental anguish past and future.

58. That as a result of the foregoing, the plaintiff DONALD JAMES has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants, VTR CUTTER MILL, LLC, OLSL GREAT NECK LLC and VENTAS AOC OPERATING HOLDINGS, INC., in the first cause of action in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action, together with costs, disbursements and such other and further relief as the Court deems just and proper.

Dated:     Seaford, New York
           February 7, 2020

                                    Respectfully Submitted
                                    THE SELVIN LAW FIRM, PLLC

BY: Sabrina E. Taub, Esq.
3956 Merrick Road
Seaford, N.Y. 11783
Tel: (516) 992-0805

Case 2:20-cv-02421 Document 1 Filed 06/01/20 Page 21 of 27 PageID #: 32

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
                        ) SS

COUNTY OF           )


Donald James _____, being duly sworn, deposes and say: I am the plaintiff in the within action; I have read the foregoing SUMMONS & VERIFIED COMPLAINT and know the contents thereof; the same is true to my knowledge, except as to the matter therein stated to be alleged on information and belief, and as to those matters I believe it to be true.


Sworn to before me this

7th day of February , 2020


_____
NOTARY PUBLIC

LAUREN E. EISENBERG
Notary public State of New York
No. 01EI6093871
Qualified in Suffolk County
Commission expires June 9, 20 23

11 of 11

STATE OF           COUNTY OF           ss.:

I, the undersigned, an attorney admitted to practice law,

**Check Applicable Box**

☐ **Certification By Attorney**    certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation**    state that I am

the attorney(s) of record for
in the within action; I have read the foregoing
and know the contents thereof; the same is
true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as
to those matters I believe it to be true. The reason this verification is made by me and not by

°

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

.........................................................................
The name signed must be printed beneath

STATE OF           COUNTY OF           ss.:

I,

being duly sworn, depose and say: I am
in the within action; I have read

**Check Applicable Box**

☐ **Individual Verification**    the
the foregoing     and know the contents thereof: the same is true to
my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those
matters I believe it to be true.

☐ **Corporate Verification**    the          of
a     corporation and a party in the within action; I have read the foregoing
and know the contents thereof: and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief. and as to those matters I believe
it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.........................................................................
The name signed must be printed beneath

STATE OF           COUNTY OF           ss.: (If both boxes are checked—indicate after names, type of service used.)

I,     being sworn, say: I am not a party to the action, am over 18 years
of age and reside at
On     I served the within

**Check Applicable Box**

☐ **Service By Mail**    by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care
and custody of the U.S. Postal Service within this State, addressed to each of the following persons at the last
known address set forth after each name:

☐ **Personal Service on Individual**    by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person
served to be the person mentioned and described in said papers as *a party therein:*

Sworn to before me on

.........................................................................
The name signed must be printed beneath

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

DONALD JAMES,

Index No.: 602150/2020

      Plaintiff,

Date Purchased: 2/12/2020

      -against-

VTR CUTTER MILL, LLC, OLSL GREAT
NECK LLC and VENTAS AOC OPERATING
HOLDINGS, INC.,

      Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

THE SELVIN LAW FIRM, PLLC
Attorneys for Plaintiff
DONALD JAMES
3956 Merrick Road
Seaford, New York 11783
Tel: (516) 992-0805

To

Service of a copy of the within is hereby admitted.

Dated:...................................................   ..........

Attorney(s) for

...............................................................................

# Exhibit "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------- X
DONALD JAMES,

                                    Plaintiff,                      **Index No.:  602150/2020**

          -against-                                                 **DEFENDANTS VTR**
                                                                    **CUTTER MILL, LLC, OLSL**
VTR CUTTER MILL, LLC, OLSL GREAT NECK,                              **GREAT NECK, LLC and**
LLC and VENTAS AOC OPERATING HOLDINGS,                              **VENTAS AOC OPERATING**
INC.,                                                               **HOLDINGS, INC. NOTICE**
                                                                    **OF FILING NOTICE OF**
                                    Defendants.                     **REMOVAL**

-------------------------------------------------------------------- X
To:   THE SELVIN LAW FIRM, PLLC                    Clerk of the Court – Nassau County
      Sabrina E. Taub, Esq.                        Nassau County Supreme Court
      Jared Selvin, Esq.                           100 Supreme Court Drive
      *Attorneys for Plaintiff*                    Mineola, New York 11501
      3956 Merrick Road
      Seaford, New York 11783
      (516) 992-0805


          PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1446(d), Defendants **VTR**

**CUTTER MILL, LLC, OLSL GREAT NECK, LLC and VENTAS AOC OPERATING**

**HOLDINGS, INC.** filed a Notice of Removal on May 29, 2020, in the United States District

Court for the Eastern District of New York.  A copy of the Notice of Removal is attached hereto

as **Exhibit A**.

          This notice serves to effect a full removal of this case pursuant to 28 U.S.C. §1441 *et*

*seq.*, thereby precluding this Court from proceeding any further on this action.

Dated  June 1, 2020

HARRIS BEACH PLLC


/s/ Kelly Jones Howell
Kelly Jones Howell
Andre J. Major
*Attorneys for Defendants*
**VTR CUTTER MILL, LLC, OLSL
GREAT NECK, LLC and VENTAS AOC
OPERATING HOLDINGS, INC.,**
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 687-0100

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------------  X
DONALD JAMES,

                                    Plaintiff,                      **Index No.:  602150/2020**

       -against-

VTR CUTTER MILL, LLC, OLSL GREAT NECK,
LLC and VENTAS AOC OPERATING HOLDINGS,
INC.,

                                 Defendants.
--------------------------------------------------------------------  X

**DEFENDANTS VTR CUTTER MILL, LLC, OLSL GREAT NECK, LLC and VENTAS
AOC OPERATING HOLDINGS, INC. NOTICE OF FILING NOTICE OF REMOVAL**

**HARRIS BEACH PLLC**
*Attorneys for Defendants*
**VTR CUTTER MILL, LLC, OLSL GREAT NECK, LLC
and VENTAS AOC OPERATING HOLDINGS, INC.**
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 687-0100

3